**Elisabeth (Lisa) RUPPELIUS, Plaintiff-Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.**

**No. 23256.**

United States Court of Appeals, Ninth Circuit.

Argued April 13, 1970.

Decided May 12, 1970.

Rehearing Denied June 2, 1970.

Leroy W. Hofmann (argued), Kenneth S. Scoville, Ivan Robinette, Phoenix, Ariz., for plaintiff-appellant.

Charles E. Jones (argued), Charles R. Esser, of Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for defendant-appellee.

Before HAMLEY, HAMLIN and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal involves the trial court's rejection of one of appellant's exhibits, claimed to be an official record of the Arizona Highway Patrol. The action below was one to recover $101,000 under two policies of accidental death insurance on the life of appellant's deceased husband, Harry S. Ruppelius. We affirm.

Appellant, the widow of Mr. Ruppelius, brought suit in state court and the action was removed to the district court upon petition of appellee, an Illinois corporation. A trial to a jury resulted in a verdict in favor of appellee on which judgment was entered.

Appellant was the named beneficiary of two policies of accidental death insurance in the sums of $1,000 and $100,000. The $1,000 policy was issued September 4, 1963 for a one-year term. The $100,-000 policy, issued on the same day, had a 90-day term and was renewed on December 4, 1963, for another 90 days. Mr. Ruppelius died when the automobile in which he was riding alone left the highway and plunged into a dry wash on February 3, 1964. Claims under the two policies of accident insurance were denied by the insurer on the ground that the death was a suicide and not accidental.

The trial court determined that since the two insurance policies were accident policies (as opposed to ordinary life insurance) the plaintiff carried the burden of proving that death of the insured was in fact accidental. She proved a *prima facie* case by the introduction and admission of the official death certificate for the insured which indicated that death occurred in an "automobile accident."

The appellee's evidence included the testimony of seven witnesses and documentary evidence to show that the insured's death was not accidental but the result of suicide. Upon rebuttal, appellant offered Exhibit 35 which the trial court refused. The latter ruling constitutes appellant's principal assignment of error.

The exhibit is duly certified by the director of the Records Section of the Arizona Highway Patrol and recites:

"* * * the herewith attached copies of the Accident Frequency Reports for Highway 60 in the vicinity of the Queen Creek Bridge, located at Mile Post 210.8 for the years 1958 thru 1964 are true and correct copies of the original records placed on file in the Highway Patrol Records Section at the close of each one of the specified years."

Upon oral argument, counsel accurately described the exhibit as consisting of seven sheets of a computer print-out of a number of incidents involving motor vehicles in the general vicinity of the point where Mr. Ruppelius met his death. The exhibit does, indeed, refer to "incidents," many of which were not "accidents," although for convenience the Arizona Highway Patrol made no distinction.

Appellant's expert witness, Lt. C. J. Beddome, Records Officer of the Arizona Highway Patrol, testified in the absence of the jury as part of appellant's offer of proof with reference to Exhibit 35. He stated that from the exhibit he had determined there were six accidents at the bridge during 1964, including the incident on February 3, 1964, when Mr. Ruppelius was killed. His record for prior years showed four or five accidents each year in the general area of the bridge.

Necessarily all entries on Exhibit 35 were abbreviated and coded. The Ruppelius accident was described as "FATIGUE VEHICLE RAN OFF HWY."

There was no witness to Mr. Ruppelius' death. Lt. Beddome did not purport to know the cause of this accident nor did any other official of the Arizona Highway Patrol.

The trial court ruled Exhibit 35 was immaterial and we agree. Appellant did not offer to show that other accidents referred to on the exhibit were even remotely similar to the Ruppelius incident. The record did not show the

conditions existing at the site at the time of any other accident nor the circumstances. Upon this basis the trial court, weighing the probative value of the offered exhibit against the undue consumption of time and distraction of the jury's attention from the issues at hand, did not abuse its discretion in refusing to admit the exhibit. See McCormick, Law of Evidence, p. 350 (1954).

Appellant contends that the court erred in instructing the jury that she had the burden of proving an accidental death. However, under Arizona law the beneficiary under an accidental-death policy must prove both the death and the accidental cause thereof. New York Life Ins. Co. v. McNeely, 52 Ariz. 181, 79 P.2d 948 (1938). We can see no reason why the rule should be any different where, as in our case, the insurer, through an abundance of caution, unnecessarily adds an exclusion for suicide.

Appellant's final contention that the trial court should have granted judgment notwithstanding the verdict is without merit. The verdict was well within the jury's province.

Affirmed.